# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-51-TS |
| | ) | |
| KELTON D. ANDERSON | ) | |

## MEMORANDUM

This Court sentenced the Defendant, Kelton D. Anderson, on February 19, 2008, and a written judgment was entered on this same date.

On January 7, 2009, the Defendant filed a letter complaining that he was being prohibited from moving throughout the prison system because of the content of the Presentence Investigation Report (PSR). The Court construed his letter to be a complaint that the Bureau of Prison's interpretation of, or refusal to recognize, certain language in the PSR prevented a transfer that the Defendant desired. The Court advised the Defendant that it had no authority to direct the Bureau of Prisons to designate a particular facility or to direct a transfer, and that all factual and legal issues involving the PSR were addressed and finalized at the Defendant's sentencing. (2/9/09 Memorandum, DE 32.)

The Defendant has filed a second letter, docketed on February 23, 2009, as DE 33. In this letter, the Defendant states that he is now asking that the Court amend his PSR, "and instruct whoever handles that to do so." (Letter, DE 33.) It appears that he is challenging the inclusion of a prior criminal charge for battery and theft, claiming that the probation officer's description of the crime is not true or accurate. He complains that inclusion of the charge has prevented him from moving to a lower security institution closer to his family. He admits that he did not object to the inclusion of the criminal charge in the PSR at any time prior to the Court's imposition of

his sentence.

A presentence report must contain the defendant's history and characteristics, including "any prior criminal record" and "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." Fed. R. Crim. P. 32(d)(2)(A). "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). At sentencing, the court must verify that the defendant and his counsel read and discussed the PSR, allow the parties' attorneys to comment on the PSR, and "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1). The court must also provide the defendant an opportunity to speak before imposing sentence. Fed. R. Crim. P. 32(i)(4).

The preparation of the PSR, the process afforded the parties to object to the PSR, and the sentencing hearing were all conducted in accordance with Rule 32. Moreover, the Defendant was at all times represented by counsel. The Defendant does not articulate any legal basis for his belated request to amend the PSR, and the Court cannot, at this late stage and after the entry of final judgment, entertain such an objection. *See, e.g., United States v. O'Connor*, 65 F.3d 170 (7th Cir. 1995) (finding that Rule 32 does not allow a defendant to amend an alleged inaccuracy in his PSR after the district court has imposed sentence); *United States v. Atehortua*, 875 F.2d 149, 150–51 (7th Cir. 1989) (holding that "objections to the accuracy of information in a presentence report may not be raised in a Rule 35 motion when a defendant does not object to the report, or to any inadequacy of time to consider it, at the sentencing hearing"). Moreover,

even if the Defendant had identified a rule or a statute by which the Court had authority to rule on his request, he has not presented any basis to believe that the PSR is inaccurate. *See United States v. Mustread*, 42 F.3d 1097, 1101–02 (7th Cir. 1994) (stating that the burden is on the defendant to show that the PSR is unreliable or inaccurate, and that this burden cannot be met simply by denying the report's truth).

For the foregoing reasons, the Court denies the Defendant's request to amend his PSR.

ENTERED: March 24, 2009.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT